**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| 7-ELEVEN, INC., | |
|           Plaintiff, | CIVIL ACTION NO. _____ |
| v. | **JURY TRIAL DEMANDED** |
| SEVEN ELEVEN LAW GROUP, LLC and INDIA RIOS, | |
|           Defendants. | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff 7-Eleven, Inc. ("7-Eleven" or "Plaintiff") files this complaint against Defendants Seven Eleven Law Group, LLC and India Rios ("Defendants").

## PARTIES

1. Plaintiff is a Texas corporation having its principal place of business at 3200 Hackberry Road, Irving, Texas 75063.

2. Defendant Seven Eleven Law Group, LLC is an Illinois Limited Liability Company having a business address at 73 W. Monroe Street, Suite 100, Chicago, Illinois 60603.

3. Defendant India Rios is an individual who resides in Chicago, Illinois.

## NATURE OF ACTION AND JURISDICTION

4. This is an action for trademark infringement, unfair competition, and trademark dilution under the Lanham Act (15 U.S.C. § 1051 *et seq.*); and for deceptive trade practices, trademark dilution, and unfair competition under Illinois law.

5.  This Court has subject-matter jurisdiction over this action under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 & 1338, and supplemental jurisdiction over 7-Eleven's state-law claims under 28 U.S.C. § 1367(a).

6.  Defendants are subject to personal jurisdiction in this District given their contacts with the state of Illinois. Defendants reside in this District and a substantial part of the events giving rise to the acts complained of herein occurred in this District.

## FACTS

### I. 7-Eleven's Trademarks

7.  7-Eleven has long been engaged in the business of, among other things, operating convenience stores and gas stations, either directly or through its licensees (collectively, "7-Eleven"), that are open to the general public at locations throughout the United States.

8.  Since at least as early as 1946, 7-Eleven has continuously used in commerce the name and mark 7-ELEVEN in connection with a variety of products and services, including the sale and promotion of convenience store services and various other related products and services.

9.  7-Eleven displays its distinctive 7-ELEVEN name and mark in different stylizations in conjunction with its convenience stores and other offerings. These 7-ELEVEN Logos have historically and continue to be displayed in a combination of green, white, red, and orange:



10. Typically, green is the color that occupies the most surface area of the traditional 7-ELEVEN Logos, as shown in the examples above, and a similarly green-colored background superimposed by white text is a common color scheme found on 7-Eleven's official website at https://www.7-eleven.com/, as seen in the example screenshot below from https://www.7-eleven.com/7rewards:



11. The 7-ELEVEN Logos are displayed, among other places, on signage for its convenience stores and gas stations, as well as on its website, products, and merchandise.

12. In addition, 7-Eleven regularly uses its 7-ELEVEN mark in non-stylized formats.

13. There are currently over 11,500 convenience stores in North America operating under 7-Eleven's 7-ELEVEN name and mark, many of which use the 7-ELEVEN Logos (the 7-ELEVEN name, marks, and logos are referred to collectively herein as the "7-ELEVEN Marks").

14. Billions of dollars of products and services have been sold in the United States in 7-ELEVEN stores under its 7-ELEVEN Marks, and 7-Eleven has annually spent millions of dollars advertising and promoting those products and services under the 7-ELEVEN Marks. As a result, 7-Eleven has developed goodwill, public recognition, and strong rights in its 7-ELEVEN Marks, which consumers have come to know and trust as symbols of quality and value.

15. 7-Eleven's considerable success has enabled it to have a sizable legal department, consisting of a General Counsel, as well as twenty-one attorneys plus additional staff members. These in-house professionals serve 7-Eleven regarding its legal needs across several areas of the law, including business and intellectual property law.

16. The 7-ELEVEN Marks are inherently distinctive, serving to identify and indicate the source of 7-Eleven's products and services to the consuming public, and to distinguish 7-Eleven's products and services from those of others.

17. Additionally and alternatively, as a result of 7-Eleven's frequent and widespread use and promotion of the 7-ELEVEN Marks, the marks have become distinctive to designate 7-Eleven's goods and services, to distinguish 7-Eleven's goods and services from the goods and services of others, and to distinguish the source or origin of 7-Eleven's goods and services.

18. As a result of extensive and widespread use and promotion by 7-Eleven, the 7-ELEVEN Marks have become extremely well known and widely recognized by consumers throughout the State of Illinois and the United States to indicate the source of 7-Eleven's offerings.

19. As a result of 7-Eleven's extensive and widespread use and promotion of the 7-ELEVEN Marks, 7-Eleven has developed valuable goodwill in the 7-ELEVEN Marks.

20. The 7-ELEVEN Marks are famous in the United States within the meaning of 15 U.S.C. § 1125(c). *Accord Savin Corp. v. Savin Grp.,* 391 F.3d 439, 452 (2d Cir. 2004) (referring to "the famous '7-Eleven' mark" in explaining dilution liability under federal law).

21. 7-Eleven owns numerous federal trademark registrations for the 7-ELEVEN Marks, including but not limited to the following:

4

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| (7-ELEVEN logo) | 718,016 | 07/04/1961 | Retail grocery service |
| 7-ELEVEN | 896,654 | 08/11/1970 | Retail grocery store service |
| (7-ELEVEN logo) | 920,897 | 09/21/1971 | Retail grocery store services |
| (7-ELEVEN logo) | 1,288,594 | 08/07/1984 | Gasoline |
| 7-ELEVEN | 1,702,010 | 07/21/1992 | Coffee for consumption on or off the premises |
| 7-ELEVEN | 2,685,684 | 02/11/2003 | Retail store services featuring gasoline and retail store services featuring convenience store items |
| (7-ELEVEN logo) | 2,751,552 | 08/19/2003 | Clothing, namely caps |
| 7-ELEVEN | 2,765,976 | 09/23/2003 | Pens and stationery-type portfolios; Clothing, namely caps, jackets, shirts |
| (7-ELEVEN logo) | 2,834,419 | 04/20/2004 | Retail convenience store services |
| 7-ELEVEN | 2,914,788 | 12/28/2004 | Gasoline |
| 7-ELEVEN | 3,338,512 | 11/20/2007 | Gift card services |

5

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| 7 ELEVEN | 6,629,116 | 01/25/2022 | Franchising, namely, offering business management assistance in the establishment and/or operation of convenience stores |
| 7eleven | 6,002,678 | 03/03/2020 | Retail convenience stores; Restaurant services |
| 7-ELEVEN | 5,105,124 | 03/25/2023 | Arranging of contests |
| 7-ELEVEN | 5,105,141 | 06/25/2022 | Retail convenience stores |
| 7-ELEVEN | 6,053,486 | 05/12/2020 | Automobile service station services; Charging station services for electric vehicles |
| 7-ELEVEN | 6,478,783 | 09/07/2021 | On-line electronic newsletters delivered by e-mail in the field of convenience store offers |
| 7-ELEVEN | 5,479,059 | 05/29/2018 | Restaurant services |

22. These registrations are valid, subsisting, and owned by 7-Eleven.

23. Registration numbers 718,016; 896,654; 920,897; 961,594; 1,035,454; 1,288,594; 1,402,425; 1,702,010; 2,642,740; 2,685,684; 2,834,419; 2,914,788; and 3,338,512 are now incontestable under 15 U.S.C. § 1065, and, therefore, are conclusive evidence of the validity of those registered marks and of their registration, of 7-Eleven's ownership of those marks, and of 7-Eleven's exclusive right to use those marks in commerce under 15 U.S.C. § 1115(b).

**II.     Defendants' Unlawful Activities**

24. Defendants own and operate Seven Eleven Law Group, LLC (the "Infringing Business"), a limited liability company that offers legal services.

6

25. On information and belief, Defendant Seven Eleven Law Group, LLC was formed in January of 2021 by Defendant India Rios, in or around the same time Rios completed law school.

26. On information and belief, Defendant India Rios is the sole owner of Seven Eleven Law Group, LLC.

27. On information and belief, Defendant India Rios directs and controls the activities of Defendant Seven Eleven Law Group, LLC and has the authority to bind Seven Eleven Law Group, LLC in transactions.

28. Defendants' "SEVEN ELEVEN LAW GROUP" name and mark appear prominently in various iterations—*e.g.* "SEVEN ELEVEN LAW GROUP," "VII-XI SEVEN ELEVEN LAW GROUP," "711 LAW GROUP," "711 LAW SHOP," and "VII-XI,"—on Defendants' many online pages, including their:

- website at https://www.711lawgroup.com/;
- Instagram at https://www.instagram.com/711_law_group/;
- Facebook page at https://www.facebook.com/profile.php?id=100063653903900;
- Linktree page at https://linktr.ee/711_Law_Group;
- LinkedIn page at https://www.linkedin.com/company/711lawgroup/about/; and
- Twitter page at https://twitter.com/SevenElevenLaw1/.

The SEVEN ELEVEN LAW GROUP mark and its various iterations used by Defendants (which include, but are not limited to, those listed above) are collectively referred to as the "SEVEN ELEVEN LAW Marks."

29. Defendants' SEVEN ELEVEN LAW Marks consistently appear in green and white colors that are evocative of the green and white traditionally used in rendering 7-Eleven's 7-ELEVEN Marks, as well as the green and white color scheme that appears frequently on 7-Eleven's official website as described in paragraph 10.

30. Defendants' SEVEN ELEVEN LAW GROUP mark also appears on signage that likewise employs a green color scheme, as pictured in a photo from Defendants' Amazon Store

7

Front at https://www.amazon.com/shop/influencer-7d3adc4b (the link to which is provided on Defendants' abovementioned Linktree website at https://linktr.ee/711_Law_Group). The below photograph of this signage was presumably taken at the Infringing Business's location.



31. The same green and white color scheme, evocative of that employed by 7-Eleven for its 7-ELEVEN Marks and official website, is featured on business cards likewise used by Defendant, as shown in the image below from Defendant India Rios' LinkedIn post from 2022.



32. Defendants hold themselves out as having expertise in trademark law. The navigation tool at the top of Defendants' website at www.711lawgroup.com lists two "Practice Areas": "Business Law" and "Trademark Your Brand." Under the category "Legal Boutique," the

8

navigator contains options that include "Register Your Trademark Now" and "Maintain Your Trademark." In addition, the website's homepage states in prominent letters "TRADEMARK YOUR BRAND," with text below referring to Defendants' "trademark services" and a button consumers can click for "Trademark Help." Clicking that button leads viewers to a webpage[1] where Defendants describe themselves as a "boutique trademark and business law firm." Also on that webpage, Defendants claim that they "pride [them]selves on providing exceptional service while helping you protect your intellectual property" and "are dedicated to providing you with a seamless registration or protection process." The same page contains explanations and pricing for various trademark services that Defendants provide.

33. 7-Eleven became aware of Defendants' usage of the SEVEN ELEVEN LAW Marks by the Infringing Business in January 2023, when one of its franchisees reported to 7-Eleven that they had contacted Defendants under the belief that Defendants' law firm was in fact 7-Eleven's internal legal department. During this communication, Defendants advised the franchisee that 7-Eleven was supposedly "in violation" of its franchise agreement and sought to offer the franchisee legal representation, which the franchisee declined.

34. 7-Eleven then sent a cease-and-desist letter to Defendants requesting that Defendants' immediately cease all use of the SEVEN ELEVEN LAW Marks, transfer the 711lawgroup domain name to 7-Eleven, and agree to not use any marks confusingly similar to the 7-ELEVEN Marks in the future.

35. Defendant India Rios provided the following response to 7-Eleven's letter via email five minutes after the letter was sent: "My mark is not infringing or diluting your clients [sic] mark. I will not change my branding in anyway. I reserve all of our legal rights."

---

[1] https://portal.711lawgroup.com/public/form/view/6243fa9f1fed51dd174744bd.

36. Defendants have since continued using the SEVEN ELEVEN LAW Marks.

37. Defendants' use of the SEVEN ELEVEN LAW Marks has been, and continues to be, without the permission or authorization of 7-Eleven.

38. Defendants' unauthorized use of the SEVEN ELEVEN LAW Marks began after the 7-ELEVEN Marks became famous in the state of Illinois and in the United States.

### III.  Effect of Defendants' Activities on 7-Eleven and the Consuming Public

39. Defendants' unauthorized use of the SEVEN ELEVEN LAW Marks is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties as to some affiliation, connection, or association of Defendants' business with 7-Eleven, or as to the origin, sponsorship, or approval of Defendants' goods and/or services.

40. Defendants' unauthorized use of the SEVEN ELEVEN LAW Marks falsely indicates to the purchasing public that Defendants, their business, and their goods and/or services originate with 7-Eleven, or are affiliated or associated with 7-Eleven, or are sponsored, endorsed, or approved by 7-Eleven, or are in some manner related to 7-Eleven or its goods or services.

41. Defendants' unauthorized use of the SEVEN ELEVEN LAW Marks falsely designates the origin of Defendants' goods and/or services, and falsely or misleadingly describes and represents facts with respect to Defendants and their goods and/or services.

42. Defendants' unauthorized use of the SEVEN ELEVEN LAW Marks is likely to cause dilution of 7-Eleven's famous 7-ELEVEN Marks.

43. Defendants' unauthorized use of the SEVEN ELEVEN LAW Marks enables Defendants to trade on and receive the benefit and goodwill built up at great labor and expense over many years by 7-Eleven, and to gain acceptance for Defendants' goods and/or services not

solely on Defendants' own merits, but on the reputation and goodwill of 7-Eleven and its marks, trade dress, goods, and services.

44. As a result of Defendants' unauthorized use of the SEVEN ELEVEN LAW Marks, Defendants are being unjustly enriched at the expense of 7-Eleven and the public.

45. Defendants' unauthorized use of the SEVEN ELEVEN LAW Marks removes from 7-Eleven the ability to control the nature and quality of goods and services provided under its marks and its reputation and goodwill associated with those marks, and thus places the valuable reputation and goodwill of 7-Eleven in the hands of Defendants, over whom 7-Eleven has no control, thereby causing irreparable harm to 7-Eleven and its Marks.

46. Unless these unfair and deceptive practices and acts of unfair competition by Defendants are restrained by this Court, they will continue to cause irreparable harm to 7-Eleven and to the public, for which there is no adequate remedy at law.

## IV. Willful Nature of Defendants' Wrongful Acts

47. Defendants' acts of infringement, dilution, and unfair competition complained of herein have been malicious, fraudulent, deliberate, willful, intentional, and in bad faith.

48. The totality of the circumstances—including, in particular, Defendants' professed expertise in trademark law and attempt to provide legal representation to 7-Eleven's franchisee despite the franchisee's confusion as to Defendants' lack of affiliation with 7-Eleven—establishes that Defendants use their SEVEN ELEVEN LAW Marks in knowing and conscious disregard for 7-Eleven's trademark rights, as part of an effort to trade on 7-Eleven's valuable goodwill by creating the impression that an association exists between the Infringing Business and 7-Eleven, even though Defendants know that there is no such association.

49. In view of the egregious nature of Defendants' actions, this is an exceptional case within the meaning 15 U.S.C. § 1117(a).

### COUNT I: FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

50. 7-Eleven repeats the above allegations as if fully set forth herein.

51. The acts of Defendants complained of herein constitute infringement of 7-Eleven's federally registered trademarks in violation of 15 U.S.C. § 1114.

52. 7-Eleven has been damaged by Defendants' acts of federal trademark infringement.

53. Defendants' infringement has been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

### COUNT II: FEDERAL UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

54. 7-Eleven repeats the above allegations as if fully set forth herein.

55. The acts of Defendants complained of herein constitute unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

56. 7-Eleven has been damaged by Defendants' acts of unfair competition and false designation of origin.

57. Defendants' acts of unfair competition and false designation of origin have been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

### COUNT III: FEDERAL TRADEMARK DILUTION
### (15 U.S.C. § 1125(c))

58. 7-Eleven repeats the above allegations as if fully set forth herein.

59. The acts of Defendants complained of herein constitute dilution by blurring of 7-Eleven's famous 7-ELEVEN Marks in violation of 15 U.S.C. § 1125(c).

60. Defendants willfully intended to trade on the recognition of the famous 7-ELEVEN Marks, and to harm the reputation of the famous 7-ELEVEN Marks.

61. 7-Eleven has been damaged by Defendants' acts of federal trademark dilution.

## COUNT IV: ILLINOIS DECEPTIVE TRADE PRACTICES
## (815 ILCS 510/2)

62. 7-Eleven repeats the above allegations as if fully set forth herein.

63. The acts of Defendants complained of herein constitute deceptive trade practices in violation of Illinois' Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

## COUNT V: ILLINOIS INJURY TO BUSINESS REPUTATION; DILUTION
## (765 ILCS 1036/65)

64. 7-Eleven repeats the above allegations as if fully set forth herein.

65. 7-Eleven's 7-ELEVEN Marks are famous in the state of Illinois as defined in 765 ILCS 1036/65(a) and Defendants' use of the SEVEN ELEVEN LAW Marks began well after the 7-ELEVEN Marks became famous.

66. The acts of Defendants complained of herein constitute dilution in violation of Illinois' Trademark Registration and Protection Act, 765 ILCS 1036/65.

67. 7-Eleven has been damaged by Defendants' acts of trademark dilution.

68. Defendant willfully intended to trade on the recognition of 7-Eleven's reputation or to cause dilution of the famous 7-ELEVEN Marks.

## COUNT VI: ILLINOIS COMMON LAW UNFAIR COMPETITION

69. 7-Eleven repeats the above allegations as if fully set forth herein.

70. The acts of Defendants complained of herein constitute unfair competition under Illinois common law.

13

**PRAYER FOR RELIEF**

WHEREFORE, 7-Eleven prays that:

a) Defendants, Defendants' agents, employees, attorneys, and all those persons in active concert or participation with them, be preliminarily and permanently enjoined from using the SEVEN ELEVEN LAW Marks, any element thereof, and any other name, mark, or trade dress confusingly similar to the 7-ELEVEN Marks;

b) Defendants, Defendants' agents, servants, employees, attorneys, and all those persons in active concert or participation with them, be required to immediately and permanently remove the SEVEN ELEVEN LAW Marks from the Infringing Business and to otherwise eliminate all elements and instances of the SEVEN ELEVEN LAW Marks from the Infringing Site and any social media accounts associated with Defendants;

c) Defendants be ordered to file with this Court and to serve upon 7-Eleven, within thirty days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

d) 7-Eleven recover all actual damages it has sustained as a result of Defendants' infringement, dilution, and unfair competition, and that such damages be trebled;

e) An accounting be directed to determine Defendants' profits resulting from Defendants' activities, and that such profits be paid over to 7-Eleven, increased as the Court finds to be just under the circumstances of this case

f) 7-Eleven recover punitive and/or exemplary damages based on Defendants' malicious, fraudulent, deliberate, willful, intentional, and bad-faith conduct;

g) 7-Eleven recover its reasonable and necessary attorneys' fees;

h) 7-Eleven recover its costs of this action and prejudgment and post-judgment interest; and

i) 7-Eleven recover such other relief as the Court may find appropriate.

## **DEMAND FOR JURY TRIAL**

Under Fed. R. Civ. P. 38(b), 7-Eleven demands a trial by jury on all issues triable of right by a jury.

Dated: November 1, 2023

Respectfully submitted,

By: */s/ Daniel D. Frohling*
LOEB & LOEB LLP
321 N. Clark Street, Suite 2300
Chicago, IL 60654
Tel: 312-464-3100
Fax: 312-464-3111
dfrohling@loeb.com

Stephen P. Meleen
Giulio E. Yaquinto
PIRKEY BARBER PLLC
1801 E. 6th Street
Suite 300
Austin, TX 78702
Tel: (512) 322-5200
Fax: (512) 322-5201
smeleen@pirkeybarber.com
gyaquinto@pirkeybarber.com

*Attorneys for Plaintiff 7-Eleven, Inc.*