UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| 7-ELEVEN, INC., | |
|---|---|
| Plaintiff, | Case No. 1:23-cv-15567 |
| v. | Honorable Franklin U. Valderrama |
| SEVEN ELEVEN LAW GROUP, LLC and INDIA RIOS, | |
| Defendants. | |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.    Nature of the Case**

    **A.**    Identify the parties' attorneys of record. Note the lead trial attorney and any local counsel.

| Plaintiff 7-Eleven, Inc. | Stephen P. Meleen (lead trial attorney)<br>Giulio E. Yaquinto<br>Caitlin Costello<br>Daniel D. Frohling (local counsel)<br>Evan J. Seeder (local counsel) |
|---|---|
| Defendants Seven Eleven Law Group, LLC and India Rios | India Rios (lead trial counsel) |

    **B.**    State the basis for federal jurisdiction.

Joint Statement:

This Court has jurisdiction over 7-Eleven's federal claims for trademark infringement, unfair competition, and trademark dilution (Counts I, II, and III) under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 & 1338, because those claims arise under federal law— *i.e.* the Lanham Act (15 U.S.C. § 1051 *et seq.*).

This Court has supplemental jurisdiction over 7-Eleven's state law claims for deceptive

trade practices, trademark dilution, and unfair competition (Counts IV, V, and VI) under 28 U.S.C. § 1367(a), because those claims are so related to 7-Eleven's federal claims that they form part of the same case or controversy.

C.      Provide a short overview of the case in plain English (five sentences or less).

Plaintiff's Statement:

7-Eleven owns longstanding trademark rights in its name—which is one of the most famous marks in the United States—as well as its logos, trade dress, and other indicia. 7-Eleven was forced to file this action after Defendants flatly refused to cease operating under the name "Seven Eleven Law Group" and similar names (e.g. "VII-XI SEVEN ELEVEN LAW GROUP," "711 LAW GROUP," etc.). 7-Eleven asserts that Defendants' use of those names is likely to cause confusion among consumers and dilute the distinctiveness of the famous 7-ELEVEN mark, in violation of the Lanham Act and Illinois law.

Defendants' Statement:

The Seven Eleven Law Group, LLC., is a boutique law firm headquartered in Chicago, Illinois. The firm was founded in 2021, by attorney India Rios who has only operated in her capacity as the sole member of the limited liability company. It is Defendant's position that 7-Eleven is asserting rights beyond the scope of their trademark registrations. The Seven Eleven Law Group's branding, target market, and services are distinctive from that of 7-Eleven. Defendants refute all claims of infringement, the likelihood of consumer confusion, dilution, and the state law claims for deceptive trade practices, trademark dilution, and unfair competition.

D.      Describe the claims asserted in the complaint and affirmative defenses asserted in the answer.

Plaintiff's Claims:

7-Eleven alleges in its complaint the following claims against all Defendants: trademark infringement under 15 U.S.C. § 1114 (Count I); unfair competition under 15 U.S.C. § 1125(a) (Count II); trademark dilution under 15 U.S.C. § 1125(c) (Count III); deceptive trade practices under 815 ILCS 510/2 (Count IV); injury to business reputation, dilution under 765 ILCS 1036/65 (Count V); unfair competition under Illinois common law (Count VI). *See* ECF No. 1 ¶¶ 50-70

Defendants' Affirmative Defenses:

Seven Eleven Law Group, LLC and India Rios refute all claims raised by 7-Eleven in the complaint.

E.      What are the principal factual issues?

Plaintiff contends the principal factual issues are:

The causes of action in 7-Eleven's complaint boil down to two legal standards for liability: (1) likelihood of confusion; and (2) likelihood of dilution. Both standards are evaluated by assessing and weighing different factors, and each factor presents a separate question of fact.[1] In addition, 7-Eleven asserts that Defendants acted willfully.

7-Eleven also seeks various remedies should it prevail, including permanent injunctive relief, disgorgement of Defendants' profits, and actual damages. Those remedies primarily raise the factual questions of irreparable harm to 7-Eleven, unjust enrichment by Defendants, and causation of financial harm to 7-Eleven.

The factual question relating to liability, willfulness, and remedies are the primary factual issues in this case.

Defendant contends the principal factual issues are:

The causes of action in 7-Eleven's complaint are based on two legal standards for liability: (1) likelihood of confusion; and (2) likelihood of dilution.

The questions of fact in regard to liability, willfulness are the primary issues in this case.

**F.** What are the principal legal issues?

Plaintiff contends the principal legal issues are:

7-Eleven believes this is a relatively straightforward trademark case that raises no novel questions of law or other unsettled legal questions the Court will be required to resolve. However, 7-Eleven seeks a permanent injunction and disgorgement of Defendants' profits, both of which equitable remedies that must ultimately be decided by the Court instead of a jury.

Defendant contends the principal legal issues are:

Defendants believe this is a simple trademark case that does not raise any new questions of law or other unsettled legal questions for the Court.

**G.** What relief is the plaintiff(s) seeking? Quantify the damages, if any. (A ballpark estimate is acceptable – the purpose is simply to give the Court a feel for the case. This

---

[1] *See, e.g.*, *Nike, Inc. v. Just Did It Enterprises*, 6 F.3d 1225, 1228 (7th Cir. 1993) ("[T]he court is required to consider several factors when assessing whether or not there is a likelihood of confusion by the general public: the degree of similarity between the marks in appearance and suggestion; the similarity of the products for which the name is used; the area and manner of concurrent use; the degree of care likely to be exercised by consumers; the strength of the complainant's mark; actual confusion; and an intent on the part of the alleged infringer to palm off his products as those of another."); 15 U.S.C. § 1125(c)(2)(B) ("In determining whether a mark or trade name is likely to cause dilution by blurring, the court may consider all relevant factors, including the following: (i) The degree of similarity between the mark or trade name and the famous mark; (ii) The degree of inherent or acquired distinctiveness of the famous mark; (iii) The extent to which the owner of the famous mark is engaging in substantially exclusive use of the mark; (iv) The degree of recognition of the famous mark; (v) Whether the user of the mark or trade name intended to create an association with the famous mark; (vi) Any actual association between the mark or trade name and the famous mark.").

estimate will not be admissible.)

Plaintiff seeks the following relief:

7-Eleven seeks injunctive relief, disgorgement of profits, actual damages, punitive damages, attorney's fees, and costs. At this time, 7-Eleven is unable to offer an estimate on the scope of monetary relief at issue in this case. Evidence relating to those questions is uniquely within the possession of Defendants or generally difficult to acquire and cannot be determined without discovery.

7-Eleven currently anticipates that the primary issues relating to the relief sought in this case will concern the scope of injunctive relief, disgorgement of Defendants' profits, and punitive damages should Defendants be adjudicated willful infringers.

Defendants seek the following relief:

Defendants seek the denial of Plaintiffs request for injunctive relief, disgorgement of profits, actual damages, punitive damages, attorneys' fees, and costs.

Defendants seek dismissal of all claims raised by plaintiffs and also seek an award of attorney fees and costs.

    **H.**    Service.

All Defendants have been served.

**II.**    **Discovery**

    A.    Propose a discovery schedule. Include the following deadlines: (1) the mandatory initial discovery responses; (2) any amendment to the pleadings to add new claims, or new parties; (3) service of process on any "John Doe" defendants; (4) the completion of fact discovery; (5) the disclosure of plaintiff's expert report(s); (6) the deposition of plaintiff's expert; (7) the disclosure of defendant's expert(s); (8) the deposition of defendant's expert; and (9) dispositive motions. ***Fill in the blanks, below.***

| Event | Deadline |
|---|---|
| Initial Discovery Responses | April 15, 2024 |
| Amendment to the pleadings | May 17, 2024 |
| Service of process on any "John Does" | N/A |
| Completion of Fact Discovery | January 24, 2025 |
| Disclosure of Plaintiff's Expert Report(s) | February 24, 2025 |
| Deposition of Plaintiff's Expert | March 24, 2025 |
| Disclosure of Defendant's Expert Report(s) | April 25, 2025 |
| Deposition of Defendant's Expert | May 28, 2025 |
| Dispositive Motions | June 25, 2025 |

      B.      How many depositions do the parties expect to take?

              The parties currently believe they will take no more than five depositions per side but may need to reconsider the issue as they exchange discovery and make their expert disclosures. In any case, the parties do not anticipate any need to deviate from Federal Rule of Civil Procedure 30(a)'s limitation of ten depositions per side.

      C.      Do the parties foresee any special issues during discovery?

              The parties have no reason to believe at this time that any special issues will arise during discovery.

      D.      Rule 26(f)(2) requires the parties to propose a discovery plan. *See* Fed. R. Civ. P. 26(f)(2). Rule 26(f)(3), in turn, provides that a "discovery plan must state the parties' views and proposals" on six different topics. *See* Fed. R. Civ. P. 26(f)(3). Have the parties discussed a discovery plan – including all of the topics – as required by Rule 26(f)(3)? If so, do the parties propose anything?

              If the parties do make any proposals, be sure to include them in the proposed scheduling order that will be sent to Judge Seeger's proposed order inbox.

              The parties have discussed a discovery plan, including all of the topics listed in Rule 26(f)(3). The parties have nothing additional to propose at this time.

### III. Trial

      A.      Have any of the parties demanded a jury trial?

              Both parties demand a jury trial at this time.

      B.      Estimate the length of trial.

              The parties do not anticipate requiring more than three days for trial.

### IV. Settlement, Referrals, and Consent

      A.      Have any settlement discussions taken place? If so, what is the status?
Has the plaintiff made a written settlement demand? And if so, did the defendant respond in writing? (Do <u>not</u> provide any particulars of any demands or offers that have been made.)

              The parties have engaged in substantive settlement discussions, including during the Rule 26(f) conference for this Report. While the parties have not yet reached terms agreeable to both sides, they plan to continue those settlement discussions prior to the start of discovery proposed herein.

      B.      Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?

    In the event they are unable to reach settlement on their own, the parties believe a settlement conference before the Magistrate Judge may be helpful once each side has exchanged some initial discovery.

C. Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties <u>unanimously consent</u> to that procedure? The Court strongly encourages parties to consent to the jurisdiction of the Magistrate Judge.

    Counsel has informed their respective clients of the possibility of consenting to the Magistrate Judge. At this time, the parties do not unanimously consent to proceeding before the Magistrate but are open to reconsidering the possibility as the case progresses.

**V.** **<u>Other</u>**

A. Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)

  N/A

B. Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)

  N/A

Dated: February 16, 2024        Respectfully submitted,

By: */s/ Daniel D. Frohling*        By: */s/ India Rios*
Daniel D. Frohling (SBN 6190645)    India Rios (SBN 6336641)
LOEB & LOEB LLP         SEVEN ELEVEN LAW GROUP LLC
321 N. Clark Street, Suite 2300      73 W. Monroe Street
Chicago, IL 60654         Suite 100
Tel: 312-464-3100         Chicago, IL 60603
Fax: 312-464-3111         773-455-0711
dfrohling@loeb.com         India@711lawgroup.com
                Contact@711lawgroup.com

Stephen P. Meleen
Giulio E. Yaquinto         *Attorney for Defendants*
Caitlin Costello
PIRKEY BARBER PLLC
1801 E. 6th Street
Suite 300
Austin, TX 78702
Tel: (512) 322-5200
Fax: (512) 322-5201
smeleen@pirkeybarber.com
gyaquinto@pirkeybarber.com

*Attorneys for Plaintiff*